Filed 4/1/25  Hatfield v. Union Public Utility Dist. CA3

# NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Calaveras)

----

| | |
|---|---|
| MICHAEL HATFIELD, | C100440 |
| Plaintiff and Appellant, | (Super. Ct. No. 23CV46786) |
| v. | |
| UNION PUBLIC UTILITY DISTRICT, | |
| Defendant and Respondent. | |

Union Public Utility District (the District) provides water service to property owners within its boundaries.  It also charges several fees for this service.  Michael Hatfield is a District customer who believes one of these fees—which the District uses to support a joint powers authority—is too high.  After he sued over this fee, the District demurred.  It argued that it adopted the challenged fee in a 2022 resolution.  It then argued that because Hatfield failed to timely challenge this resolution, he could not proceed with his claim here.  The trial court agreed, found Hatfield's suit untimely, and entered a judgment of dismissal.

1

On Hatfield's appeal, we reverse. The underlying factual premise for the District's demurrer (and the trial court's ruling) is that the District adopted the challenged fee in a 2022 resolution—which Hatfield failed to timely challenge. That factual premise, however, is wrong. The District did not adopt the challenged fee in this resolution. Because the trial court's ruling lacks evidentiary support, we will reverse the judgment of dismissal.

BACKGROUND

I

*Factual Background*

Because we consider this matter at the demurrer stage, we assume the truth of all properly pleaded material allegations in Hatfield's complaint. (*Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 125.)

The District charges its customers several distinct fees for water service. It charges customers a monthly service fee and a water usage fee—which are set in the District's water rate schedule. It also charges customers a monthly fee to support a joint powers authority, the Utica Water and Power Authority (UWPA), that provides water to the District. This latter fee is called the UWPA fee.

In a November 2016 resolution (the 2016 Resolution), the District adopted a "five year rate schedule" for its UWPA fee that contemplated annual fee adjustments. Over the following five years, the District periodically adjusted its UWPA fee. It made its last rate adjustment to take effect on July 1, 2020, setting the UWPA fee at $18 per month. Following the rate schedule's expiration in November 2021, the District continued charging customers a UWPA fee of $18 per month.

In late 2022, the District considered changing its fees for water service. In a notice to its customers, the District proposed adopting a new water rate schedule that would raise service fees and water usage fees. It also proposed changing its method for assessing the UWPA fee. It based its proposals in large part on a 2022 water rate study

2

from its consultant, which proposed changes to the District's service fees, water usage fees, and UWPA fee.

Following a hearing about the proposed changes, the District's general manager wrote the District's board about his recommendations. He recommended that the board approve the new water rate schedule and "hold off on the UWPA rate." He said the District's consultant had provided four new options for the UWPA fee, and he favored further discussion about these options. He also said the District had time to set a new UWPA rate structure because it is "currently collecting $18 per meter, approximately $370,000 for this fiscal year."

In a December 2022 resolution (the 2022 Resolution)—approved the same day the District's general manager gave his recommendations—the District adopted a new water rate schedule for service fees and water usage fees. It did not purport to adopt any UWPA fee. In an early draft, the resolution stated: "The Board of Directors may adopt multi-year rate increases for water rates, in accordance with the [consultant's 2022 water rate study]"—which again, proposed changes to the District's service fees, water usage fees, and UWPA fee. But in its final form, the resolution instead said: "The Board of Directors may adopt multi-year rate increases for water rates, in accordance with the [consultant's 2022 water rate study], *not including the UWPA fee . . . .*" (Italics added.)

II

*Procedural Background*

In June 2023, Hatfield sued the District. In his complaint, as amended a few weeks later, Hatfield alleged that the District lacked authority to charge the $18 UWPA fee. He further alleged, among other things, that the District's UWPA fee was higher than necessary to provide water service and so violated article XIII D, section 6 of the California Constitution—which specifies that a property-related fee or charge may not exceed the proportional cost of the service provided to the property. He asked the court

3

to declare all or part of the UWPA fee invalid and requested a refund for excess fees paid since March 14, 2022.

The District demurred. It characterized Hatfield's suit as a challenge to its 2022 Resolution. It then argued that Hatfield's challenge to this resolution was untimely, citing a statute creating a 120-day statute of limitations for suits challenging an agency's resolution adopting a fee for water service. (Gov. Code, § 53759, subd. (a).) Opposing the demurrer, Hatfield said the District presumed that he was challenging the 2022 Resolution. He then said this presumption was wrong, stating that he challenged the UWPA fee and that the 2022 Resolution had nothing to do with this fee. The trial court sustained the demurrer with leave to amend, appearing to accept the District's position that Hatfield's suit was a challenge to the 2022 Resolution.

Hatfield afterward filed an amended complaint. He alleged that since December 1, 2021, the District has lacked authority to charge the $18 UWPA fee. He also alleged, among other things, that since December 1, 2021, the District's UWPA fee has been higher than necessary to provide water service and so violated article XIII D, section 6 of the California Constitution. He asked the court to declare all or part of the UWPA fee invalid and requested a refund for excess fees paid since December 1, 2021.

The District again demurred. Once more, it characterized Hatfield's suit as a challenge to its 2022 Resolution. It argued that Hatfield's challenge to the $18 UWPA fee was really a challenge to this resolution—which it said "re-adopted the UWPA Fee at the existing rate" of $18. It then argued that Hatfield's challenge to the 2022 Resolution was untimely under the applicable 120-day statute of limitations. Hatfield opposed the demurrer. As in his opposition to the District's initial demurrer, he asserted that the District's position followed from a flawed factual premise. He reasoned that he challenged the UWPA fee and that "the 2022 Resolution *is not the basis of the unlawful UWPA fee.*"

4

The trial court sustained the demurrer, this time without leave to amend. In doing so, the court expressly found that the 2022 Resolution "properly adopted the UWPA fees at the previous amount and served to commence the 120 day period for reverse validation procedures; a jurisdictional prerequisite for the present suit which was not met." The court afterward entered a judgment of dismissal. Hatfield timely appealed.

DISCUSSION

The primary issue in this appeal is whether the District adopted the $18 UWPA fee in the 2022 Resolution. The District argues it did, as the trial court found. Hatfield argues otherwise. We agree with Hatfield. Because the District did not adopt the $18 UWPA fee in its 2022 Resolution, we reject the District's claim (and the trial court's finding) that Hatfield's challenge to this fee is an untimely effort to challenge the 2022 Resolution.

We first recount some of the central facts. In its 2016 Resolution, the District adopted a "five year rate schedule" for its UWPA fee. It imposed this time limitation for its rate schedule consistent with Government Code section 53756, which allows an agency providing water to adopt certain fee schedules "for a period not to exceed five years." The District's fee fluctuated over the next five years, ending at $18. After five years, the District's rate schedule expired in November 2021. The District did not adopt a new rate schedule at this time. It instead continued charging the fees it charged when its old rate schedule expired—$18.

In late 2022, the District considered adopting a new method for assessing its UWPA fee. It also considered adopting a new water rate schedule for its service fees and water usage fees. Following a hearing about the proposed changes, the District's general manager wrote the District's board about his recommendations. He recommended that the board approve the new water rate schedule but "hold off on the UWPA rate." He added that the District had time to set a new UWPA rate structure because it is "currently collecting $18 per meter, approximately $370,000 for this fiscal year." The same day the

5

general manager gave his recommendations, the District approved the 2022 Resolution establishing a new water rate schedule. But nothing in the District's resolution purported to adopt any UWPA fee. Instead, excluding the UWPA fee from its scope, the resolution said: "The Board of Directors may adopt multi-year rate increases for water rates, in accordance with the [consultant's 2022 water rate study], *not including the UWPA fee . . . .*" (Italics added.)

Considering these facts, we conclude that the District did not adopt the $18 UWPA fee in its 2022 Resolution. The District instead evinced a clear intent to hold off on taking action on the UWPA fee at that time, as its general manager recommended. Our reading of the 2022 Resolution undermines the entire premise of the District's demurrer—which, again, was that the District adopted the $18 UWPA fee in its 2022 Resolution and that Hatfield thus needed to file his suit within 120 days of this resolution. Because the District's demurrer lacked evidentiary support, the trial court should have overruled the demurrer.

The District offers two arguments in seeking affirmance. First, it claims that the plain language of the 2022 Resolution shows it "re-adopt[ed]" the $18 UWPA fee. But nothing in this resolution purported to adopt (or readopt) this fee. All the resolution said about the UWPA fee was this: "The Board of Directors may adopt multi-year rate increases for water rates, in accordance with [its consultant's 2022 water rate study], *not including the UWPA fee*, in compliance with Proposition 218." (Italics added.) The resolution then says: "The charges applicable to District water customers are hereby established and adopted as provided in the water rate schedule attached hereto as 'Exhibit A' and incorporated herein by reference." The referenced water rate schedule concerns service fees and water usage fees, not the UWPA fee. Nothing in this language evidences an adoption or readoption of any UWPA fee. It instead evidences an intent to implement the changes proposed in the consultant's 2022 water rate study, "not including the UWPA fee."

6

The District next claims its reading of the 2022 Resolution is at least entitled to deference, citing case law stating that " 'an agency's view of the meaning and scope of its own . . . ordinance is entitled to great weight unless it is clearly erroneous or unauthorized.' " (*Anderson First Coalition v. City of Anderson* (2005) 130 Cal.App.4th 1173, 1193.) But even assuming this case law applies in this context, it offers no help to the District, for the District's reading of the 2022 Resolution is clearly wrong. No language in the resolution suggests that the District adopted an $18 UWPA fee or any UWPA fee at all. The District cannot simply claim otherwise, with no textual support, and then ask us to defer to its preferred reading.

One more consideration cuts against the District's position. Recall again that Hatfield is challenging the $18 UWPA fee that the District has imposed since December 1, 2021. The District claims it adopted this fee in its 2022 Resolution. But that claim is flawed for two reasons. We covered one reason already: The 2022 Resolution only adopted a new water rate schedule for service fees and water usage fees, not any UWPA fee. Here is another reason: The 2022 Resolution adopted this new water rate schedule to "commenc[e] on January 1, 2023." So even if we endorsed the District's claim that this resolution adopted both the new water rate schedule and the $18 UWPA fee to "commenc[e] on January 1, 2023," that still would not explain the District's $18 UWPA fee from December 1, 2021, to December 31, 2022. To sum up, because the District's demurrer and the trial court's subsequent ruling relied on a factual premise belied by the record, we reverse the judgment of dismissal.[1]

---

[1] Amici curiae Association of California Water Agencies, California Association of Sanitation Agencies, California Municipal Utilities Association, California Special Districts Association, and League of California Cities raise a different argument in favor of affirmance. In their characterization, Hatfield "asserts the trial court erred in applying the 120-day limit because [he] is not challenging the District's 2022 Resolution, but instead is challenging a specific fee within the 2022 Resolution." Amici then say this is a "specious argument." Amici, however, are attacking an argument that Hatfield never

7

DISPOSITION

The judgment is reversed.  The trial court is directed to vacate its order sustaining the demurrer without leave to amend and to enter a new order overruling the demurrer.  Hatfield is entitled to recover his costs on appeal.  (Cal. Rules of Court, rule 8.278(a).)

/s/
_____
BOULWARE EURIE, J.

We concur:


/s/
_____
KRAUSE, Acting P. J.



/s/
_____
WISEMAN, J.*

---

made.  Hatfield has never claimed that the 120-day limitations period is inapplicable because he is "challenging a specific fee within the 2022 Resolution."  He instead has consistently argued that this limitations period is inapplicable because he is not challenging any part of the 2022 Resolution.  And as covered, we agree with him.

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8